**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | | |
|---|---|---|
| KYRIMA ANDERSON,<br><br>Plaintiff,<br><br>v.<br><br>THE STATE OF GEORGIA, *et al.*,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Case No. 3:26-cv-58-CDL-ALS |

**RECOMMENDATION OF DISMISSAL**

Plaintiff Kyrima Anderson filed a *pro se* Complaint that has been docketed as a civil rights complaint under 42 U.S.C. § 1983. ECF No. 1. Also pending is Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP"). ECF No. 5. For the reasons stated below, it is **RECOMMENDED** that Plaintiff's motion to proceed IFP be denied and that this case be **DISMISSED without prejudice**.

**BACKGROUND**

The Court received Plaintiff's Complaint on May 18, 2026 and, as noted above, it was docketed by the Clerk as a civil rights complaint. ECF No. 1. Because Plaintiff did not submit her pleading on the required § 1983 complaint form, pay the filing fee, or move to proceed IFP, the Court ordered Plaintiff to (1) recast her complaint on the Court's standard § 1983 form, and (2) either pay the $405.00 filing fee or submit a properly completed motion to proceed IFP. ECF No. 3 at 2. Plaintiff was further instructed that her motion to proceed IFP must attach a certified copy of her prison trust fund account statement. *Id.* at 1. Plaintiff was given fourteen days to comply and warned that failure to

fully and timely comply with the Court's order could result in the dismissal of this action. *Id.* at 2.

Instead of complying with the Court's order to recast her complaint, Plaintiff filed a motion for a writ of error coram nobis. ECF No. 4. In the motion, Plaintiff objected to the Court's order that she recast her complaint on the standard § 1983 complaint form for prisoners and further contended that her Complaint was not a civil rights complaint pursuant to 42 U.S.C. § 1983, "so there is no reason to use the form associated with that filing." *Id.* at 1. She also argued that she is not required to use the standard form because her "lawsuit is not against prison officials." *Id.* She requested that the Court "[p]lease provide the law mandating an 'incarcerated' person has to use the Civil Rights Complaint form when filing a suit as a prisoner, despite the case having NOTHING to do with prison officials." *Id.* at 2. In addition, Plaintiff's motion demanded that the undersigned be removed from the case due to a conflict of interest and bias against Plaintiff. *Id.* at 1-2. The same day the Court received Plaintiff's motion for a writ of error coram nobis, it also received Plaintiff's motion to proceed IFP. ECF No. 5. However, contrary to the Court's instructions, the application did not attach a certified copy of Plaintiff's prison trust fund account statement.

On July 20, 2026, the Court issued an order denying Plaintiff's request that the undersigned recuse herself from this case, finding that Plaintiff had not met her burden of showing that recusal was warranted. ECF No. 6 at 4-5. The Court also denied her motion for a writ of error coram nobis, which it construed as a motion for reconsideration of its order that she recast her complaint on the standard § 1983 complaint form for prisoners. *Id.* at 8. The Court rejected her argument that the form was not required because her case was not against prison officials, explaining that "civil rights complaints

under § 1983 are not limited to those against 'prison officials,' but instead encompass civil rights complaints against *any* person acting 'under color of state law.'" *Id.* at 6 (quoting *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995)). The Court noted that Plaintiff raised allegations against various state officials for violating her constitutional rights. *Id.* at 7. The Court also dismissed Plaintiff's challenge to the Court's authority to order her to use the standard form, explaining that "[r]equiring the use of standard forms is a common practice that helps the district courts and the parties resolve *pro se* prisoner claims more thoroughly, accurately, and efficiently." *Id.* at 7 (quoting *Brown v. Countryman*, No. 4:26-cv-289-CDL-ALS, 2026 WL 1122323, at *2 (M.D. Ga. Apr. 24, 2026)).

The Court further addressed Plaintiff's contention that her action was not a civil rights complaint under § 1983. It explained to Plaintiff that if her action was not a civil rights complaint but a criminal complaint and warrant request—as it is captioned—then it would be subject to summary dismissal. *Id.* at 7. On the other hand, the Court informed Plaintiff, if she wished to pursue her claim as a civil rights complaint under § 1983, then she must recast her complaint on the standard form. ECF No. 6 at 8.

Finally, the Court addressed Plaintiff's refusal to follow the Court's explicit instructions that she attach a certified copy of her prison trust fund account statement, explaining that it was statutorily required if she wished to proceed IFP. *Id.* at 8 (citing 28 U.S.C. § 1915(a)(2)). The Court also provided instructions to Plaintiff in the event she was having difficulty obtaining the necessary documentation from prison officials. *Id.* at 8-9.

The Court concluded by ordering Plaintiff to show cause within fourteen days why her complaint should not be dismissed for failure to fully comply with the Court's previous orders and instructions. *Id.* at 9. It also ordered that she must comply with the Court's

May 26th Order by filing her complaint on the Court's standard § 1983 form and by either paying the filing fee or filing a certified copy of her prison trust fund account statement. *Id.* The Court gave Plaintiff fourteen days to comply with the Court's order, and it warned her that failure to fully and timely comply would likely result in the dismissal of her complaint for failure to comply. *Id.* at 9-10.

Plaintiff did not comply with the Court's order. Instead, she filed an objection to the order wherein she rehashes arguments previously made, once again demands the undersigned's recusal, and makes various inflammatory and delusional accusations. ECF No. 7. She categorically states that she "will not" recast her complaint. *Id.* at 5. She does not address the requirement that she file a certified copy of her prison trust fund account statement and thus does not assert that her failure to comply with that aspect of the Court's order was due to obstruction by prison officials.

## DISCUSSION

### I. Dismissal for Failure to Comply with the Court's Orders and Instructions

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with the court's orders. *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240-41 (11th Cir. 2009) (first citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991); and then citing Fed. R. Civ. P. 41(b)) (finding court did not err in dismissing the third amended complaint for failure to follow the court's instructions regarding how to amend the complaint). Here, Plaintiff has failed to comply with the Court's order that she recast her complaint and has made it clear that she will

not do so. ECF No. 7 at 5. Further, she has not provided a certified copy of her prison trust fund account statement and has failed to provide any valid reason for not doing so.

It is therefore recommended that this case be dismissed without prejudice for failure to comply with court orders. Fed. R. Civ. P. 41(b); *Daker v. Bryson*, 841 F. App'x 115, 123 (11th Cir. 2020) (citation omitted) ("Dismissal is an extraordinary remedy, but dismissal based on a plaintiff's failure to comply with a court order generally is not an abuse of discretion, especially where the litigant has been forewarned." (citing *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989))); *Owens v. Pinellas Cnty. Sheriff's Dep't*, 331 F. App'x 654, 656 (11th Cir. 2009) (upholding dismissal without prejudice of *pro se* complaint for failure to follow court's instructions).

## II. Dismissal Pursuant to 28 U.S.C. § 1915A

### A. Standard of Review

The Prison Litigation Reform Act ("PLRA") directs courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. 28 U.S.C. § 1915A(a). Courts must also screen complaints filed by a plaintiff proceeding IFP. 28 U.S.C. § 1915(e). Both statutes apply in this case, and the standard of review is the same. "*Pro se* filings are generally held to a less stringent standard than those drafted by attorneys and are liberally construed." *Carmichael v. United States*, 966 F.3d 1250, 1258 (11th Cir. 2020) (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citations omitted). On preliminary review,

the Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (citations omitted). A claim can be dismissed as malicious if it is knowingly duplicative or otherwise amounts to an abuse of the judicial process. *Daker v. Ward*, 999 F.3d 1300, 1308, 1310 (11th Cir. 2021) (affirming dismissal of duplicative complaint "in light of [prisoner's] history as a prolific serial filer").

A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555 (citations omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See, e.g.*, *Bingham v. Thomas*, 654 F.3d 1171, 1176-77 (11th Cir. 2011) (affirming dismissal of certain claims at preliminary screening because prisoner failed to allege sufficient facts to show a violation of his rights), *abrogated on other grounds by Wade v. McDade*, 106 F.4th 1251, 1255

(11th Cir. 2024) (en banc).

B. Plaintiff's Factual Allegations and Claims

Plaintiff's claims arise out of the April 17, 2024, eviction of her family from their home and the subsequent sale of her property. ECF No. 1 at 1. Plaintiff contends the eviction occurred because Defendant Magistrate Judge Mike Burke "signed falsified, unlawful and imperfected court documents and orders that resulted in the unlawful eviction and destruction of private property by use of force and guns by Walton County Sheriff's Dep[artment]."[1] *Id.* Plaintiff states that the property is owned by "her foreigned [sic] trust" and is also the site of a "sacred burial ground which can NOT be sold or transferred." *Id.* Plaintiff contends that Burke was aware of the status of the property through "sworn statements" on file in the "Walton County Court" and "UCC lien filing[s]" in Walton County and the Connecticut Secretary of State's Office. *Id.* at 1-2. Despite such notice "of failure to meet jurisdictional requirements," Plaintiff alleges that Burke "and others" "unlawfully seize[d] and burglarize[d] the Plaintiff's property in excess to over $800,000.00 USD," including the house, the land, personal items, documents, firearms, money, and other valuables "when they were set out on the driveway while the Plaintiff was in a Miller County Jail." *Id.* at 2. Plaintiff asserts that Burke's and others' unlawful search and seizure of her private property "endangered the lives of her children[,] forcing these actions they knew were illegal at gunpoint." *Id.*

Plaintiff contends that Burke, United States District Judge Tilman E. Self, III, and United States Magistrate Judge Charles Weigle "used their positions to . . . permanently

[1] According to the Walton County, Georgia website, Mike Burke is the Chief Magistrate Judge of Walton County, Georgia. Walton County, Magistrate Court, https://www.waltoncountyga.gov/315/Magistrate-Court (last visited September 2, 2026).

deprive the Plaintiff of her private property and fraud [sic] her." *Id.* at 2-3. Citing their orders in a separate federal case Plaintiff brought against Burke and other Walton County officials, Plaintiff states that both Judge Self and Judge Weigle used their positions to assist Burke, thus "making them accessories to felony burglary, grand larceny, mortgage fraud." *Id.* at 3. Plaintiff further states that "[t]he State of Georgia Supreme Court officers like the Middle District Court Officers . . . ignored the law to deliberately deny remedy and justice to willingly and knowingly deprive the Plaintiff of her private property permanently." *Id.* She claims that both the United States District Court and the Georgia Supreme Court had the power to "correct the errors and crimes" committed by Burke and others but refused. *Id.*

Plaintiff alleges that Defendants' actions violated her right to due process and other rights protected by the First, Fourth, Fifth, and Fourteen Amendments to the United States Constitution. *Id.* at 3-4. She states that while "[t]he law supports the Plaintiff's family taking back possession of the property by force," she is instead taking a different approach. *Id.* at 3. As a remedy, Plaintiff demands that arrest warrants be issued immediately. *Id.* at 4. She also requests that "an investigator or Federal Marshall" meet with her and bring the necessary "formal forms to complete the warrant process." *Id.* at 5.[2]

---

[2] Plaintiff also alleges that she "is being kidnapped and held at Pulaski State Prison by way of more fraudulent and false documents created to deny her freedom to prevent her from prosecuting them for their crimes." *Id.* at 4. It is not clear whether Plaintiff is attempting to raise any substantive claims concerning the legality of her current imprisonment. As a general rule, however, "any challenge to the *fact* or *duration* of a prisoner's confinement is properly treated as a habeas corpus matter, whereas challenges to *conditions* of confinement may proceed under [42 U.S.C.] § 1983." *McKinnis v. Mosely*, 693 F.2d 1054, 1057 (11th Cir. 1982) (per curiam) (quoting *Johnson v. Hardy,* 601 F.2d 172, 174 (5th Cir. 1979)). To the extent she is challenging the legality of her current confinement, habeas corpus is thus more likely to provide the appropriate remedy.

C. Plaintiff's Complaint Fails to State a Claim

Plaintiff's complaint fails to state a claim. "The Eleventh Circuit . . . has held that an individual does not have the right to bring a criminal complaint as a private cause of action." *Jackson v. Ga. Dep't of Corr.*, No. 5:26-cv-00002-TES-AGH, 2026 WL 1088368, at * 1 (M.D. Ga. Apr. 21, 2026) (citing *Smith v. JP Morgan Chase*, 837 F. App'x 769, 770 (11th Cir. 2021)). Moreover, "the decision of whether to investigate, arrest, or prosecute government officers or officials is within the discretion of the United States Attorney; a decision in which the court will not interfere." *Crutcher v. Bolling*, No. 2:16-cv-01422-KOB-JH, 2017 WL 2962358, at *5 (N.D. Ala. May 18, 2017) (citing *Inmates of Attica Corr. Facility v. Rockefeller*, 477 F.2d 375 (2d Cir. 1973)), *recommendation adopted by* 2017 WL 2960534 (N.D. Ala. July 11, 2017); *see Otero v. U.S. Att'y Gen.*, 832 F.2d 141, 141 (11th Cir. 1987) (per curiam) ("[A] private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another."); *Logan v. Hall*, 604 F. App'x 838, 841 (11th Cir. 2015) (per curiam) (finding that the district court "correctly concluded that it was without authority to order an investigation to the criminal acts alleged in the complaint, since that responsibility is entrusted to the executive branch of the government and not the judiciary"); *Davis v. Powell*, No. 7:16-CV-0237-HL-TQL, 2017 WL 11457279, at *5 (M.D. Ga. Apr. 3, 2017) (denying "motion for criminal charges to be filed" and "motion for a federal criminal open warrant," stating that the court had "neither the jurisdiction to institute criminal proceedings nor the authority to order federal or state authorities to

---

Moreover, Plaintiff does not provide any non-conclusory facts to show that her imprisonment is due to fraudulent conduct by Defendants or show how it is related to her claims regarding the eviction. Therefore, even if her Complaint could somehow be construed as raising a § 1983 claim related to her current imprisonment, any such claim would also be subject to dismissal for failure to state a claim.

initiate an investigation or prosecution" (citing *Otero*, 832 F.2d at 141)), *recommendation adopted by* 2017 WL 11457277 (M.D. Ga. Apr. 17, 2017).

In its previous order, the Court explained to Plaintiff that if she wished to avoid summary dismissal based on her inability to pursue a criminal complaint—and instead request that it be treated as a civil rights complaint under 42 U.S.C. § 1983—then she should recast her complaint on the Court's standard form for § 1983 complaints. ECF No. 6 at 7-8. As discussed above, however, Plaintiff has steadfastly refused to do so. ECF No. 7 at 5. Therefore, the Court construes Plaintiff's complaint to be what she expressly labels it: a "Criminal Complaint/Warrant Request." ECF No. 1 at 1. Because—for the reasons explained above—Plaintiff has no right to bring a criminal complaint and the Court has no authority to order the prosecution of Defendants, it is recommended that her complaint be dismissed for failure to state a claim upon which relief may be granted.

In summary, Plaintiff's complaint—interpreted as a criminal complaint—fails to state a claim upon which relief may be granted. Therefore, in addition to dismissal for failure to comply with Court orders, the Court also recommends dismissal for failure to state a claim.

## CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff's complaint be **DISMISSED without prejudice** for failure to comply with the Court's orders and instructions and for failure to state a claim. It is also recommended that her motion to proceed IFP (ECF No. 5) be **DENIED**.[3]

---

[3] The Court notes that "where a dismissal without prejudice has the effect of precluding the plaintiff from re-filing [her] claim due to the running of the statute of limitations, it is tantamount to a dismissal with prejudice." *Stephenson v. Doe*, 554 F. App'x 835, 837 (11th Cir. 2014) (per curiam) (citing *Justice v. United States*, 6 F.3d 1474, 1482 & n.15 (11th Cir.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. Any objection is limited in length to **TWENTY (20) PAGES**. *See* M.D. Ga. L.R. 7.4. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

**SO RECOMMENDED**, this 15th day of September, 2026.

s/ **ALFREDA L. SHEPPARD**
UNITED STATES MAGISTRATE JUDGE

1993)). It is not entirely clear whether the statute of limitations has run or is about to run on Plaintiff's claims in this case. If Plaintiff believes this dismissal is with prejudice due to statute of limitations issues, then she may object to this recommendation on that basis.